NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civ. No. 06-1894 (GEB) |
| v. | : | MEMORANDUM OPINION |
| PENNY LANE PARTNERS, L.P., | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon Penny Lane Associates, LLP ("Penny Lane Associates" or "General Partner") and Gerald Goldberg's (collectively "Movants") motion for modification of the Court's order dated May 16, 2006 ("May 16 Order" or "Order") appointing the United States Small Business Administration ("SBA") as receiver for Penny Lane Partners, L.P. ("Penny Lane"). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the filed briefs and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will deny the present motion.

**I.      BACKGROUND**

Penny Lane is a Delaware limited partnership with its principal place of business located in Pennington, New Jersey. (Compl. ¶ 3.) On or about November 1, 1996, Penny Lane was

1

licensed by the SBA as a Small Business Investment Company ("SBIC"). (*Id.* ¶ 9.) As such, it received funds from the SBA and was subject to the regulations promulgated by the SBA with respect to SBICs.

On April 24, 2006, the SBA filed the Complaint in this action against Penny Lane. The Complaint alleged that Penny Lane failed to comply with the limits on capital impairment set forth in 13 C.F.R. § 107.1830. (*Id.* ¶¶ 25-31.) On the same date that it filed the Complaint, the SBA filed a motion to be appointed receiver for Penny Lane. On May 16, 2006, after the parties had completed briefing the matter, the Court conducted a hearing to allow the parties further opportunity to argue whether the SBA should be appointed receiver. During that hearing, Penny Lane argued against the appointment of a receiver. It did not dispute, however, that its capital impairment exceeded the amounts permitted by the SBA. (Tr. of Hr'g (May 16, 2006) at 12.) After considering the parties' respective arguments, the Court granted the SBA's motion and appointed it as receiver for Penny Lane. The Court specified the terms of the SBA's receivership in its May 16 Order, which contained the same provisions as the proposed order that the SBA submitted in support of its motion.

On December 28, 2006, the present motion was filed by Penny Lane Associates, which is a general partner and also a limited partner of Penny Lane, and by Mr. Goldberg, who is also a limited partner. The movants, who are not parties in this case, seek modification of the Court's May 16 Order.

**II.   DISCUSSION**

The movants make several arguments in support of their motion. First, they argue that the SBA is unable to adequately perform its duties as receiver for Penny Lane because "it has separate, and conflicting obligations as a Preferred Limited Partner in the Fund." (Movants' Br. at 9.) Second, they argue that the May 16 Order is "unnecessarily broad" with respect to its stay of all civil litigation related to this case. (*Id.* at 10.) Third, the movants argue that the Order should be modified to implement "basic financial controls" for the receivership pursuant to Local Civil Rule 66.1. (*Id.* at 14.) Fourth, they claim that the SBA has "misrepresented" that the May 16 Order was a "consent order." (*Id.* at 16-17.) Fifth, the movants argue that the SBA improperly delegated its duties as a receiver to a private company. (*Id.* at 17.) The Court will address each argument separately.

**A.   The Movants' Argument That the SBA Is Unable to Adequately Perform Its Duties as Receiver**

In arguing that the SBA is unable to adequately perform its duties as Penny Lane's receiver because of its "separate, and conflicting obligations" as a preferred limited partner, the movants attempt to reargue issues that the parties have already briefed, and that the Court has already decided. The movants fail to explain why that issue should be addressed again. They have not filed any motions for reconsideration pursuant to Local Civil Rule 7.1(i), nor have they filed motions pursuant to Federal Rules of Civil Procedure Rule 60 for relief from the order. As partners of Penny Lane, they were aware of – and had the opportunity to argue against – the SBA's motion to be appointed receiver. The Court therefore rejects the movants' present

3

argument that the SBA is unable to adequately serve as Penny Lane's receiver because of its status as a preferred limited partner.

### B. The Movants' Argument That the Court's May 16 Order Is Unnecessarily Broad

The movants also argue that the May 16 Order's stay of litigation is unnecessarily broad. Paragraph 7 of the May 16 Order states:

> The parties or prospective parties to any and all civil legal proceedings wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving Penny Lane or any assets of Penny Lane, involving Penny Lane or its present or past officers, directors, managers, or general partners or the Receiver, sued for, or in connection with, any action taken by Penny Lane's officers, directors, managers, or general partners while acting in such capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, or with respect to any assets of Penny Lane, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature in connection with any proceeding.

(May 16 Order at 4-5.) Paragraph 8 of the Order further states:

> All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving Penny Lane or any of its assets or any action of any nature taken by Penny Lane's present or past officers, directors, managers, or general partners sued for, or in connection with, any action taken by them while acting in their official capacity whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

(*Id.* at 5.) The movants argue that the Court "does not possess the power required to Stay certain actions," and that "the Order, in its attempt to do so, will cause confusion and may deprive certain individuals and entities of their Constitutional rights." (Movants' Br. at 10-11.)

4

The movants' argument concerning the stay of litigation should be rejected, however, for two reasons.  First, similar to their attempt to reargue the appointment of the SBA as receiver, the movants' arguments concerning the May 16 Order's stay of litigation should have been raised in the course of briefing the SBA's original motion for the appointment of receivership, and during the May 16, 2006 hearing.  The Order contains the same terms as the proposed order that the SBA provided with its motion.  Penny Lane not only received the SBA's proposed order, but referred to the language that it contained while opposing the appointment of the SBA as receiver.  During the May 16, 2006 hearing, the Court stated the terms of the stay of litigation, on the record and with the parties present.  (Tr. of Hr'g (May 16, 2006) at 25-36.)  The movants fail to explain why they should now be permitted to reargue the scope of the Court's injunction.

Second, to the extent that the Court should consider limiting the scope of the stay provisions in the May 16 Order, the movants fail to persuade the Court that such limitations are warranted.  The movants admit that "[t]he General Partner has not determined whether there are any state court actions pending that might be affected by the Order . . . ." (Movants' Br. at 12.) The only suggestion that the stay of litigation has any harmful effect is the movants' statement that "[t]he General Partner believes that there is at least one limited partner whose Constitutional privilege to bankruptcy protection has been chilled by paragraphs 7 and 8 of the Order." (*Id.* at 11.)  The movants, however, fail to provide any further detail concerning any actual injury, and therefore fail to persuade the Court that the stay should be limited.

For these reasons, the Court rejects the movants' argument that the May 16 Order should be modified to limit the scope of the Court's stay of litigation.

### C. The Movants' Argument That the May 16 Order Should Be Modified to Implement "Basic Financial Controls" on the Receiver Pursuant to Local Civil Rule 66.1

The movants also argue that the SBA has failed to comply with the financial requirements for receivers specified by Local Civil Rule 66.1. (Movants' Br. at 14-16.) First, they argue that the SBA has failed to comply with Local Civil Rule 66.1(c), which requires the designation of banking institutions for depositing funds obtained by a receiver, and outlines actions to be taken by the receiver in the use of those funds. (*Id.* at 14-15.) Second, they argue that the SBA has failed to file financial reports as required by Local Civil Rule 66.1(d). (*Id.* at 15-16.)

Since the filing of the present motion seeking modification of the May 16 Order, the SBA has sought to comply with the requirements provided by Local Civil Rule 66.1(c) and (d). On January 30, 2007, the SBA filed a motion seeking the approval and confirmation of its First Interim Receiver's Report. In that report, the SBA documents its deposits of Penny Lane's funds. The SBA also sought the Court's approval of its proposed schedule for the filing of future reports. The movants did not file any opposition to the SBA's motion, and on May 2, 2007, the Court granted the SBA's motion. The Court, having accepted the SBA's First Interim Receiver's Report, therefore rejects the movants' arguments concerning the financial requirements of Local Civil Rule 66.1 as moot.

### D. The Movants' Argument That the Receiver "Misrepresented" That the Order Was a "Consent Order"

According to the movants, on July 6, 2006, and pursuant to the May 16 Order, written notice of the Order was sent to "all known general and limited partners, officers, directors,

6

agents, managers, employees, shareholders, creditors, debtors and agents of Penny Lane." (Movants' Br. at 16.)  The written notice referred to the May 16 Order as a "Consent Order of Receivership."  (*Id.* at 16-17.)  The movants argue that the description of the Order as a "Consent Order" "has operated to confuse the letter's recipients into believing that the Fund and its General Partner consented to the entry of the Order (which it did not) and to the propriety of the Capital Call (which it did not)."  (*Id.* at 17.)

  That argument fails, however, for two reasons.  First, it is immaterial whether the May 16 Order was consented to by Penny Lane – regardless of Penny Lane's opinion on the matter, the terms of the Order remain the same.  The purpose of the SBA's July 6, 2006 letter was simply to notify certain individuals that the Court had appointed the SBA as receiver pursuant to the terms of the May 16 Order.  That purpose was accomplished by the SBA's letter, which included a copy of the Order.

  Second, to the extent that the issue of whether Penny Lane consented to the terms of the May 16 Order is material, the recipients of the SBA's notice had sufficient basis for knowing that Penny Lane did not consent to the terms of the Order.  The written notice included a copy of the Order itself, which does not contain a signature by a representative of Penny Lane, or any statement that Penny Lane consented to the terms of the Order.  Moreover, the SBA's letter refers to the docket number of this case – any party interested in the matter could determine from the parties' filings that Penny Lane opposed the appointment of the SBA as receiver.

  The Court therefore rejects the movants' argument that the SBA's reference to the May 16 Order as a consent order entitles the movants to relief.

### E. The Movants' Argument That the Receiver Improperly Delegated Its Duty to a Private Company

The movants argue that the SBA has "delegate[d] its entire role as Receiver to a private company which operates for profit." (Movants' Br. at 17.) According to the movants, the SBA "had no intention of doing any of the day-to-day labor associated with the Receivership," and that Morris Anderson & Associates ("Morris Anderson") – which had sent the notice of receivership on behalf of the SBA – "was 'waiting in the wings'" at the time that the SBA sought appointment as receiver. (*Id.* at 18.) The movants argue that the SBA has delegated its responsibilities as receiver in violation of Local Civil Rule 66.1(g) and (h). Those provisions state:

> (g)  No receiver may employ an attorney, counsel or accountant except upon order of the Court supported by an affidavit of the receiver setting forth the necessity for the employment and an affidavit of the proposed attorney, counsel or accountant claiming no interest in the suit or any of the parties thereto in any way which would disqualify that person from serving the receiver in good faith as a fiduciary for all of the beneficial owners and creditors of the estate.
>
> (h)  In fixing the compensation of a receiver, attorney, accountant, auctioneer or other officer, the Court shall consider the value of the actual services rendered and the pain, trouble and risk incurred by them in the discharge of their duties relative to the estate and shall be guided by the standards fixed for compensation of such officers in connection with proceedings under the Bankruptcy Code.

According to the movants, "there is nothing to indicate that the SBA has any authority to allow a non-government person to sign documents on the SBA's behalf, let alone on behalf of the SBA, as receiver." (Movants' Br. at 20.)

Contrary to the movants' arguments, however, the Court granted the SBA the authority to employ additional personnel in performing its duties as Penny Lane's receiver. Paragraph 5 of the May 16 Order states that "[t]he Receiver is hereby authorized . . . to utilize SBA personnel, and to employ such other personnel as necessary to effectuate the operation of the

8

receivership . . . ." (May 16 Order at 3.)  The Order also states that the SBA "is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel." (*Id.*)  Despite the movants' characterization of the SBA as having "delegate[d] its entire role as Receiver," the contract between the SBA and Morris Anderson shows that the SBA retained control over the actions taken by Morris Anderson. According to that contract, "[i]t is understood and agreed by and between the parties that the actions of [Morris Anderson] are subject to the review, direction, and approval of the U.S. District Court for the District of New Jersey, as well as of Receiver." (Morris Aff. Ex. 2 at 5.) The movants have not identified action by Morris Anderson that exceeds the terms of its contract with the SBA, or the terms of the Court's May 16 Order.

     Moreover, in the course of briefing the SBA's motion to be appointed receiver, the movants had the opportunity to challenge such authorization, which was included in the SBA's proposed order, and which the Court granted on the record during the May 16, 2006 hearing. The movants fail to explain why the Court should allow them to revisit that issue.  Although they remain free to seek enforcement of the Court's May 16 Order, which limits the SBA's employment of personnel to those "necessary to effectuate the operation of the receivership," the movants are not entitled to a second opportunity to argue the terms of the SBA's receivership. (May 16 Order at 3.)  The Court therefore rejects the movants' argument that the SBA was not authorized to employ Morris Anderson to effectuate the operation of its receivership, as permitted by the May 16 Order.

9

### III.     CONCLUSION

For these reasons, the present motion seeking modification of the Court's order dated May 16, 2006 is denied.  An appropriate form of order is filed herewith.

Dated:  May 2, 2007

                                                          s/ Garrett E. Brown, Jr.
                                                          GARRETT E. BROWN, JR., U.S.D.J.