NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Civ. No. 06-1894 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| PENNY LANE PARTNERS, L.P., | : | |
| Defendant. | : | |

**BROWN, Chief Judge**,

This matter comes before the Court upon Jackie Herbst's objections (Doc. No. 135) to Magistrate Judge Douglas E. Arpert's October 26, 2010 Report and Recommendation ("R&R"). (Doc. No. 131.) The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and having decided this matter pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth below, will: (1) overrule Herbst's objections (Doc. No. 135); (2) adopt Magistrate Judge Arpert's October 26, 2010 R&R (Doc. No. 131); (3) deny Herbst's Motion objecting to the Receiver's Reevaluation of his Direct Fraud Claim (Doc. No. 104); and (4) adopt and confirm the Receiver's Recommendation in its Notice and Reevaluation of Jackie Herbst's Direct Fraud Claim (Doc. No. 96).

**I.   BACKGROUND**

This Court will not reiterate the entirety of the factual and procedural background as it has been addressed first in this Court's July 24, 2008 memorandum opinion and has again been

amply set forth in Judge Arpert's thorough and thoughtful Report and Recommendation. The Court, therefore, will only address that which is relevant to address Jackie Herbst's objections. This matter involves the issue of whether Jackie Herbst, a private limited partner in Penny Lane Partners L.P. ("PLP"), who has filed a claim of direct fraud against Penny Lane, in which he alleges that half of his partnership interest in PLP was fraudulently transferred to three assignees, Mark Barbera, Steven Berger, and Birdie Capital Corporation, should be compensated by PLP for the alleged fraud. This Court referred this matter to the Magistrate Judge for a R&R, and on June 1, 2010, the Magistrate Judge held an evidentiary hearing. After the Magistrate Judge considered the evidence and the record, he filed his R&R. Thereafter, Jackie Herbst filed his objections, and the Receiver filed his response to those objections. The Court now considers these submissions.

## II.   DISCUSSION

### A.   The Parties' Argument

Jackie Herbst filed a fifteen page written objection to the R&R, which the Court has carefully reviewed. (Herbst's Objections at 7; Doc. No. 135.) He asserts a number of arguments in response to those set forth by the Receiver at the hearing, and because these are not specific objections to the R&R, the Court will not address them. However, Herbst also states a number of objections directly related to the R&R, as follows: (1) the Magistrate Judge erred when he found that Herbst failed to provide proof of the emergency conditions that existed that caused him to transfer his interest and in this regard (id. at 8); (2) the Magistrate Judge failed to consider the entirety of Mr. Denslow's statements when making its credibility determinations (id. at 9); (3) the

Magistrate Judge erred when he found that Richard Rosenblum's affidavit and the affidavit of Jackie Herbst were contradictory (id. at 11); (4) the Magistrate Judge erred in his findings with respect to Herbst's actions "around the time of the fraud and for a short time afterwards" (id. at 13); (5) the Magistrate Judge erred when he concluded that Herbst had not established the five elements that constitute fraud (id. at 7); (6) the Magistrate Judge erred in concluding that restitution and rescission are not proper remedies in this matter (id.); and (7) the Magistrate Judge erred in concluding that Penny Lane did not have authority to assign any interests without the prior written authorization of the SBA (id. at 10).

  In response, the Receiver asserts that this Court should overrule Herbst's objections, adopt the Magistrate Judge's R&R, deny Herbst's Motion objecting to the Receiver's Reevaluation of his Direct Fraud Claim (Doc. No. 104), and adopt and confirm the Receiver's Recommendation in its Notice and Reevaluation of Jackie Herbst's Direct Fraud Claim (Doc. No. 96).  (Receiver's Resp. Br. at 1; Doc. No. 139.)  The Receiver argues that the Court should conclude that Herbst has not proven by clear and convincing evidence that he has met each element of fraud, in that he "has presented no proof that any of the alleged misrepresentations were actually made," "that he relied upon them," or that he . . . was damaged by the assignments."  (Id. at 16.)  The Receiver points out that according to Herbst's testimony, he "signed the assignment only after speaking to Gregory Trautman, and did so without ever first ascertaining the specific substantive reasons for the assignments themselves."  (Id. at 14.)  Because the Magistrate Judge at the evidentiary hearing concluded that Herbst only spoke with Mark Barbera and Gregory Trautman in regard to this transfer, and because "[n]either one of them is Penny Lane's General Partner" or "the President or CEO for Penny Lane, Inc., the entity

3

that controls Penny Lane's General Partner," the Receiver maintains that it follows that Penny Lane itself is not liable for the transfer, even if fraudulently induced. (Id.) In fact, the Receiver notes that a letter written by William Denslow, the Chairman of Penny Lane, Inc., to Herbst, in which he writes "your complaints about your September 1997 partial assignments of limited interests do not involve Penny Lane and should be taken up with the parties to that transaction." (Id. at 15.) In sum, the Receiver asserts that because "[t]he language of the assignments and even [Herbst's] own actions after the assignments are contrary to the claim that the assignments were temporary and were supposed to revert back to him," this Court should overrule Herbst's objections.

### B. Standard of Review

Review of a Magistrate Judge's R&R, as well as objections to it, is governed by Local Civil Rule 72.1. The rule provides that the Court "shall make a de novo determination of those portions [of the R&R] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court "may consider the record developed before the Magistrate Judge, making [its] own determination on the basis of that record." Id. See also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

Therefore, "this Court will review a magistrate judge's findings of fact for clear error." Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing Lo Bosco v. Kure Eng'g Ltd., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). Under this standard, a finding is clearly erroneous when "although there is evidence to support it, the reviewing court

on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985) (citing United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)). The district court will not reverse the magistrate judge's factual determination, even in circumstances where the court might have decided the matter differently. Bowen v. Parking Auth. of Camden, 2002 U.S. Dist. LEXIS 14585, *3 (D.N.J. Jul. 30, 2002). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." Andrews v. Goodyear Tire & Rubber Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000).

### C. Analysis

This Court referred this matter to the Magistrate Judge for an evidentiary hearing on March 24, 2010, and a R&R was issued.  Herbst does not object to the basic tenet of law stated in the R&R regarding the five elements required to sustain his direct fraud claim and that he must prove these elements by clear and convincing evidence.  To this end, the Court adopts the Magistrate Judge's R&R. In addition, Herbst has not objected to the conclusions regarding jurisdiction and the Receiver's alleged conflict of interest, and therefore, the Court accepts and adopts these legal conclusions.  To the extent that Herbst has lodged objections to the Receiver's arguments, the Court concludes that it need not consider Herbst's arguments because in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation.  Williams v. Ozmint, 2010 U.S. Dist. LEXIS 100235, *4 (D.S.C. Sept. 23, 2010) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).

Central to the inquiry conducted by the Magistrate Judge, and relevant to Herbst's

objections, is whether or not Herbst's testimony was credible, and if credible, whether the Magistrate Judge's consideration of that testimony in concert with all the other evidence produced was enough to meet Herbst's burden of proof. The Court finds that the Magistrate's credibility ruling is amply supported by the record in this case. The Supreme Court in United States v. Raddatz, 447 U.S. 667, 683 (1980), made it clear that the district court, in making its de novo determination of the record, could afford the magistrate credibility findings "'such weight as [their] merit commands and the sound discretion of the judge warrants.'" Id. at 683 (quoting Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Magistrate Judge stated in his opinion that he "conducted a hearing during which Jackie Herbst had the opportunity to testify concerning the facts and circumstances underlying his claim," but that having heard that testimony, "the Court remains unconvinced as to the viability" of Herbst's case. (R&R at 17.) The Magistrate Judge noted that Herbst "failed to provide clear and convincing documentary evidence" as well. (Id. at 16.) The Court concludes that the Magistrate Judge did not commit clear error in reaching this finding. This Court has also reviewed every document submitted by both parties, the transcript of the evidentiary hearing, and the R&R, and is not "left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer City, 470 U.S. at 573.

    In this vein, Herbst objects that the Magistrate Judge erred when he found that Herbst failed to provide proof of the emergency conditions that existed that caused him to transfer his interest. (Herbst's Objections at 8.) Herbst asserts that this was a verbal communication and essentially fabricated, and therefore it would be impossible for him to produce documentary evidence. (Id.) However, Herbst misunderstands the basis for the Magistrate Judge's statement and the weight that it has in the formation of the credibility determination. The Magistrate

Judge's statement regarding proof of an emergency condition was only one example of an area in which Herbst may have provided additional documentary evidence to bolster his credibility and support his allegations. Such evidence may or may not have been about the actual existence of emergent conditions. Herbst's apparent reliance on this statement, however, according to his own testimony, allegedly was Herbst's reason for transferring the interest. The Magistrate Judge properly pointed out that Herbst did not produce such evidence, and Herbst agrees that he did not produce any evidence on this point. The Magistrate Judge's observation of this failure merely underscores the importance of Herbst's testimony at the evidentiary hearing as it, along with his affidavit, was the only evidence produced in support of his allegations. And, having considered that testimony and having had the opportunity to ask his own questions of Herbst, the Magistrate Judge was "unconvinced" by Herbst's version of the facts. The Court cannot conclude that it was clear error for the Magistrate Judge to cite an example of one way that Herbst failed to corroborate his version of the facts. For this reason, the Court overrules Herbst's objection.

Moreover, Herbst objects that the Magistrate Judge failed to consider the entirety of Mr. Denslow's statements when the court made its credibility determinations. (Herbst's Objections at 9.) Again, Herbst mischaracterizes the amount of evidentiary weight afforded to letters authored by Denslow. The Magistrate Judge concluded that Herbst failed to provide clear and convincing documentary evidence of his allegations. (R&R at 16.) He then discussed the documentary evidence provided by the Receiver, which included "records memorializing the transfers" and "letters in which PLP denies wrong doing." However, the Magistrate Judge did not in detail describe these letters. Rather, the Magistrate Judge in detail described an affidavit submitted by Rosenblum who was an officer of Birdie Capital, an assignee of Herbst's interest.

7

(Id. at 16-17.)  Therefore, the Court cannot conclude that the Magistrate Judge committed clear error.  The Court notes that the Magistrate Judge did not specifically reference any one part of any of the letters that Denslow authored.  Rather, he referred generally to them because he considered them in making his decision.  For these reasons, the Court overrules this objection.  The Magistrate Judge clearly considered the entire record in making his decision, and Herbst's disagreement with the conclusion is not a proper ground for objection.

Herbst also objects and argues that the Magistrate Judge erred when he found that Richard Rosenblum's affidavit contradicted his own. (Id. at 11.)  This Court disagrees and overrules the objection.  It was not clear error for the Magistrate Judge to make such an assessment.  Indeed, this Court has reviewed both affidavits and the record as a whole, and also finds that the basic tenor of Herbst's affidavit is that he believed that he was not permanently transferring his interest to Birdie Capital, and the basic tenor of Rosenblum's affidavit is that Birdie Capital did not believe the transfer was temporary.  In addition, Herbst states: "I would be interested to hear how this testimony by Rosenblum 'clearly and convincingly' weighs against my testimony," (Herbst's Objections at 13), but Herbst has mistakenly turned the burden of proof on its head.  It is his burden of proof to clearly and convincingly prove that a fraud has been perpetrated, not Rosenblum's and not the Receiver's.  For these reasons, the Court overrules Herbst's objection.

Regarding Herbst's argument that the Magistrate Judge erred in his findings with respect to Herbst's actions "around the time of the fraud and for a short time afterwards" (id. at 13), the Court overrules the objection.  At the outset, the Court notes that this objection partly addresses the Receiver's arguments and not the R&R specifically.  In support of his objection, Herbst seeks

to supplement the record with additional, explanatory details to further explain his testimony. However, he had every opportunity both prior to the hearing and at the hearing to provide the details of his entire story, to present documentary evidence, and to provide legal argument. The Magistrate Judge had the opportunity to consider this evidence and to ask his own questions of Herbst, and the Magistrate Judge cited factual examples of how Herbst failed to corroborate his factual account. Specifically, the Magistrate Judge stated:

> Faced with contradicting Affidavits, the Court cannot conclude that the evidence clearly and convincing[ly] weighs in favor of Herbst. In the face of the evidence presented by the Receiver, Herbst's unsubstantiated statements do not render in this Court an abiding confidence in the credibility of his factual contentions. The Court notes that Herbst has failed to provide any elaboration as to what the 'emergency conditions' were and what 'critical problems' PLP would have faced but for the transfers. In order to illuminate these allegations, the Court conducted a hearing during which Jackie Herbst had the opportunity to testify concerning the facts and circumstances underling his claim. Ultimately the Court remains unconvinced as to the viability of Jackie Herbst's objections to the Receiver's Reevaluation and Recommendation of his Direct Fraud Claim.

(R&R at 17.) Because the Magistrate Judge did not clearly err in citing these examples, and because the Court at this procedural juncture will not accept Herbst's attempt to further supplement the record with facts and argument that he has had both the opportunity to assert and which he has previously asserted, the Court overrules his objection.

Herbst also objects that the Magistrate Judge erred when he concluded that Herbst had not established the five elements that constitute fraud. (Herbst's Objections at 7.) This Court disagrees and overrules Herbst's objection. Here, the Magistrate Judge specifically and carefully weighed the evidence before him. Having considered the entirety of the record, including the testimony of Herbst, the Magistrate Judge concluded that Herbst failed to meet his burden of proof. As the Magistrate Judge noted, "[p]roving a claim with clear and convincing evidence is a

difficult burden, and a party only 'establishes a fact by clear and convincing evidence . . . if the evidence place[s] in the ultimate factfinder an abiding conviction that the truth of its factual contentions are highly probable.'" (R&R at 15; Doc. No. 15.)

The Magistrate Judge's conclusion regarding the issue to law is subject to a de novo standard of review.  The Court has adopted the law as it was set forth by the Magistrate Judge, who properly concluded that there are five elements that must be proven by clear and convincing evidence to sustain a cause of action for fraud.  "Fraud is defined as: (1) a material misrepresentation of present of past fact; (2) knowledge of its falsity; (3) intention that the other party rely thereon; . . . (4) reasonable reliance by the other party"; and (5) resulting damages. Asen v. Cooper Hosp./Univ. Med. Ctr., No. 95-869, 1996 U.S. Dist. LEXIS 8680, at **17-18 (D.N.J. June 7, 1996) (citing Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1182 (3d Cir. 1993)).  See also Kaye v. Grossman, 202 F.3d 611, 614 (2d Cir. 2000); Zinn v. Seruga, No. 05-3572, 2009 U.S. Dist. LEXIS 89915, at *96 (D.N.J. Sept. 28, 2009); Liafail, Inc. v. Learning 2000, Inc., No. 01-599, 2002 U.S. Dist. LEXIS 22620, at *11 (D. Del. Nov. 25, 2002); Gennari v. Weichert Co. Realtors, 148 N.J. 582, 610 (N.J. 1997); Automated Salvage Transp., Inc. v. M.V. Koninklijke KNP BT, 106 F. Supp. 2d 606 (D.N.J. 1999).

Herbst has not provided any documentary evidence that he was the victim of fraud, other than his own affidavit and his sworn testimony at the evidentiary hearing.  He argues that the scheme was such that no evidence of it would exist because the misrepresentations made to him were verbal.  The required standard of proof for a claim of fraud is clear and convincing. Herbst's testimony alone does not meet that burden in this matter in light of the credibility determination that was made by the Magistrate Judge and which was adopted by this Court.  The

Court also draws this conclusion in light of all of the documentary evidence that the Receiver produced that shows that the transfer of Herbst's interest in the partnership appears to be legitimate, which further emphasizes Herbst's failure to meet his burden of proof.  This Court adopts the credibility determination of the Magistrate Judge, who had the opportunity to see, hear and evaluate Herbst's testimony and to judge its credibility or lack thereof.   Therefore, this Court does not have an abiding conviction that the truth of Herbst's factual contentions are highly probable.  See United States v. Valenzuela-Puentes, 479 F.3d 1220,1228 (10th Cir. 2007).  For these reasons, the Court overrules Herbst's objections to the R&R and adopts the R&R in relevant part.

  Finally, the Court turns to Herbst's objections that the Magistrate Judge erred in concluding that restitution and rescission are not proper remedies in this matter and that the Magistrate Judge erred in concluding that Penny Lane did not have authority to assign any interests without the prior written authorization of the SBA (Herbst's Objections at 7-10.)  This Court agrees with the legal conclusions of the Magistrate Judge, who said, "The Court notes that the claim presently considered alleges fraud, and therefore, the contract issues that Herbst raises in his papers regarding the SBA's failure to approve the transfer of his interest are not properly before the Court."  (R&R at 15 n.1.)  To this end, rescission is not an appropriate remedy, and given the previous findings of fact and conclusions of law stated in this opinion, restitution would be inappropriate in any event.

### III. CONCLUSION

  For these reasons, the Court overrules Herbst's objections, adopts the Magistrate Judge's

R&R, denies Herbst's Motion objecting to the Receiver's Reevaluation of his Direct Fraud Claim (Doc. No. 104), and adopts and confirms the Receiver's Recommendation in its Notice and Reevaluation of Jackie Herbst's Direct Fraud Claim (Doc. No. 96).  An appropriate form of order accompanies this memorandum opinion.

Dated: February 9, 2011

                                                    s/ Garrett E. Brown, Jr.
                                                    GARRETT E. BROWN, JR., U.S.D.J.